**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**MAELI PITOITUA aka ISUMU, Defendant.**

High Court of American Samoa
Trial Division

CR No. 33-04

February 4, 2005

Before KRUSE, Chief Justice; LOGOAI, Chief Associate Judge; and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Jeremy M, Kirkland, Assistant Attorney General
For Defendant, Aviata F. Fa'alevao, Public Defender

## ORDER DENYING DEFENDANT'S
## MOTION FOR A GAG ORDER

Defendant Maeli Pitoitua ("Pitoitua") filed a motion asking this court to issue a restrictive order limiting the public's access to his pending criminal prosecution. Pitoitua asserts that because the date and location of his hearings are made public, the victim's family is alerted of his pending appearance, allowing them to attend the hearings and make threats to his safety.[1] Pitoitua contends that the court should, therefore, limit the public's access to his courthouse hearings and forbid the press from reporting the schedule of such hearings.[2] For reasons stated below, we deny Pitoitua's request.

### Discussion

■ A restrictive order—or "gag" order—is considered a prior restraint upon speech. *See, e.g., In re application of Dow Jones and Co, Inc.,* 842 F.2d 403, 609 (2nd Cir. 1988). The United States Supreme Court, when considering an application for such an order, stated that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart,* 427 U.S, 529, 559 (1976); *see also CBS Inc. v. U.S. Dist. Court*

---

[1] Pitoitua, in his affidavit, has made additional factual assertions that we view as irrelevant to this motion, Pitoitua asserts that, while incarcerated, he received threats from his fellow inmates and was injured by a police officer. In our view, these facts bear no relation to Defendant's present motion to limit public access to his courtroom hearings.

[2] Specifically, Pitoitua requested that we limit or restrict "the disclosure of future dates and times Defendant is required to appear in court in any court proceedings; to restrict the admission of the general public including members of the press in every court proceeding in this matter from this time onward; and to prohibit all court personnel and counsel involved in this case from disclosing information and court dates and time for which this matter is, and will be, scheduled for court appearance by the Defendant ..."

*for the Cent. Dist. of Cal.*, 729 F.2d 1174, 1177 (9th Cir. 1983) (stating that "the first amendment informs us that the damage resulting from a prior restraint—even a prior restraint of the shortest duration—is extraordinarily grave.") Because of the gravity involved with such an application, the Supreme Court has stated that prior restraints come with a "heavy presumption" against their constitutional validity. *Carrol v. Princess Ann*, 393 U.S. 175, 181 (1968); *Nebraska Press Ass'n*, 427 U.S. at 558.

■ One who undertakes to show the necessity for "prior restraint" in the courtroom, or rebut the presumption of unconstitutionality of such an order must show: (1) a clear threat to the fairness of the trial; (2) such threat is posed by the actual publicity to be restrained; and (3) no less restrictive alternatives are available, *Nebraska Press Ass'n*, 427 U.S. at 571 (Powell, J., concurring); *Sherrill v Amerada Hess Corp.*, 504 S.E2d 802, 807-08 (N.C. Ct. App. 1998).

■ Pitoitua has failed to establish these three factors. First, he has not demonstrated that the alleged intimidation directed towards him threatens the fairness of his trial. He claims in his affidavit that the victim's family, while in attendance at his hearings, has made threats to his safety. Even if threats were aimed at Pitoitua, this fact would have no bearing upon the evidence presented in the case, the impartiality of the jurors or the defendant's ability to present his defense. It is possible that certain highly disruptive or conspicuous threats could conceivably affect the fairness of a defendant's trial. However, it does not appear that the threats which Pitoitua references in his affidavit rise to that level.

■ Second, because Pitoitua has not demonstrated that a threat exists, the publicity he seeks to restrain could not be the actual cause of a threat. As demonstrated above, no actual threat to the fairness of his trial exists. Therefore, the publicity he seeks to restrain cannot be the cause of a non-existent threat.

■ Third, and most importantly and persuasively, Pitoitua has not demonstrated that no less restrictive alternatives are available. We find that, in fact, there are less restrictive options than a comprehensive ban on public access to Pitoitua's trial. If Pitoitua is concerned about his safety in the courtroom, he can urge the court marshal to keep a close eye on inappropriate behavior during his hearings, or he can pursue equitable restraints against those people who are making threats. It is not hard to imagine how Pitoitua can remedy his concerns without having to severely limit the First Amendment rights of the local media and the public in general.

Therefore, in sum, defendant has not adequately demonstrated the necessity of a restrictive order. Such orders are disfavored and the case before us certainly does not present the type of compelling scenario to convince us to limit the public's vital constitutional access to the courtroom.

Defendant's motion for a gag order is denied. It is so ordered.